TIMOTHY V. KASSOUNI, SBN 142907
KASSOUNI LAW
455 Capitol Mall, Suite 604
Sacramento, CA  95814
Telephone:	(916) 930-0030
Facsimile:	(916) 930-0033
E-Mail:	Timothy@Kassounilaw.com

Attorneys for Plaintiffs AuCopious, LLC;
James E. Davis; Roy A. Walker

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUCOPIOUS, LLC; JAMES E. DAVIS, an individual; ROY A. WALKER, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>SPG14, LLC; DEAN B. LARIMER; BARBARA E. ROBINSON TRUST; BARBARA E. ROBINSON; THOMAS ROBINSON; and DOES 1-20, inclusive,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

KASSOUNI LAW
455 Capitol Mall, Ste 604
Sacramento, CA 95814
Tel: (916) 930-0030 ◆ Fax: (916) 930-0033

## PARTIES

1. Plaintiff AUCOPIOUS, LLC (AuCopious) is a limited liability company organized and existing under laws of the State of Nevada, and which owns mining claims located in Kern County, California. Plaintiffs JAMES E. DAVIS (Davis) and ROY A. WALKER (Walker) are residents and citizens of the States of California and Nevada, respectively, and are managing members of AuCopious. Plaintiffs AuCopious, Davis, and Walker are collectively referred to herein as "Plaintiffs."

2. Defendant SPG14, LLC ("SPG") is a limited liability company organized and existing under the laws of the State of California. The principal place of business of SPG is 5100 California Street, Suite 230, Bakersfield, California, 93309. SPG is the record owner of real property located within the County of Kern, California, Assessor's Parcel No. 179-380-27.

3. Defendant DEAN B. LARIMER ("Larimer") is an individual, a resident and citizen of the State of California, and record owner of real property located within the County of Kern, California, Assessor's Parcel No. 179-380-12.

4. Defendant BARBARA E. ROBINSON TRUST ("Robinson Trust") is the record owner of real property located within the County of Kern, California, Assessor's Parcel No. 179-410-04.

5. Defendant BARBARA E. ROBINSON is an individual, a resident and citizen of the State of California, and a member Defendant Robinson Trust.

6. Defendant THOMAS ROBINSON is an individual, a resident and citizen of the State of California, and a member Defendant Robinson Trust.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiffs seek a declaration from this Court that they have a right-of-way over the properties of

Defendants pursuant to Federal Revised Statue (RS) 2477 which, prior to its repeal in 1976, authorized rights-of-way for the construction of highways over public lands not reserved for public uses. The law repealing RS 2477 expressly preserved any valid, existing right-of-way. (See *Adams v. Unites States* (9th Cir. 1993) 3 F.3d 1254, 1258; see also 42 U.S.C. § 1769, subd. (a).)

8. This Court also has jurisdiction over the claims and relief sought herein pursuant to 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief).

9. This Court has supplemental jurisdiction over the nuisance claim asserted herein as it arises under a common nucleus of operative facts with the claim for declaratory relief. (28 U.S.C. § 1367.) (See also *United Mine Workers v. Gibbs* (1966) 383 U.S. 715.)

10. Plaintiffs have standing under the prudential standing doctrine. (See *Mills v. United States* (9th Cir. 2014) 742 F.3d 400, 408.)

11. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $250,000.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, subdivisions (b) and (e), and 42 U.S.C. § 2000e-5(f)(3), because the Eastern District is the judicial district in which the mining claims and real property issues alleged herein are located.

## FACTUAL ALLEGATIONS

13. AuCopious owns approximately 110 mining claims under the General Mining Law of 1872 (1872 Mining Law), located in Kern County, California, including multiple Zenda, Overlook, and Gold Point claims. AuCopius has recorded a notice of intent to preserve mineral rights pursuant to California Civil Code § 883.230. Of these mining claims, eight are patented, which is the equivalent of fee simple title under the 1872 Mining Law. AuCopious acquired these claims in June 2021. Plaintiffs continue to pay to the Federal Bureau of Land Management

KASSOUNI LAW
455 Capitol Mall, Ste 604
Sacramento, CA 95814
Tel: (916) 930-0030 ◆ Fax: (916) 930-0033

(BLM) requisite annual mining claim fees.

14. A report prepared by AuCopious's consultant, SRK Consulting (SRK), indicates the presence of extensive amounts of gold, silver and other minable minerals which renders mining in the area economically viable. This is further documented by a 1984 BLM mineral assessment. SRK has concluded that within 18 months of inception of mining, 80% of certified minerals, including gold and silver, can be removed, and processed.

15. To commence mining activity, AuCopious must first conduct on-site environmental evaluations required by the BLM and the County of Kern. AuCopious has retained SWCA Environmental Consultants (SWCA) to perform these evaluations. However, access to Plaintiffs' mining claim areas for the evaluations, and for mining, has been impermissibly blocked by a gate located on land owned by SPG and controlled by defendants SPG, Larimer, the Robinson Trust, Barbara E. Robinson and Thomas Robinson. These defendants have further refused to allow Plaintiffs ingress and egress to these mining claim areas over the real property owned by SPG, Larimer, and the Robinson Trust.

16. Access to AuCopious's mining claims is obtained by means of Studhorse Canyon Road. At the entry of Studhorse Canyon Road from Caliente Creek Road, there is a locked gate controlled by defendants SPG, Larimer, the Robinson Trust, Barbara E. Robinson, and Thomas Robinson. These defendants have refused to allow Plaintiffs entry through this gate and have further refused to allow ingress and egress over their properties, wherein Studhorse Canyon Road is located, to allow access to the mining claims.

17. AuCopious requires access to the areas of its patented and unpatented mining claims to complete its required evaluations and investigations. No mining activities can take place without the required biological evaluations and investigations required by the County of Kern and the BLM. These governmental entities require biological surveys at prescribed times

of year, specifically in the Spring.

18. Studhorse Canyon Road was originally developed in 1866 for access to mining claims and was surveyed several times, including in 1922 and 1927. These surveys have been recorded. At the time Studhorse Canyon Road was developed, defendants' properties were under federal ownership and control.

19. Studhorse Canyon Road was originally developed for access to mining claims at the Zenda, Gold Peak, Cowboy, and Blackhawk mines. Mining claims and associated roads, including Studhorse Canyon Road, were made beginning in 1866, and the roads were improved and maintained by mining interests thereafter. The mining claims, assessment work, and land surveys have been recorded and preserved in County of Kern and BLM records.

20. Access to Studhorse Canyon began in 1866, as reflected in mining records for the Last Chance Claim in the Cowboy Mine claim group. Field notes for BLM General Land Office (GLO) surveys in 1876 reveal the existence of Studhorse Canyon as a "cross-road." Mining claim survey maps from 1903 show the location of roads and identify Studhorse Canyon Road as a "wagon road." Subdivision records from 1907 also indicate the existence of a "wagon road" where Studhorse Canyon Road is currently located. Plaintiff's Zenda mining claims, which date back to 1905 and which were patented in 1922, were only accessible via Studhorse Canyon Road when first issued. The GLO Plat Map from 1911 likewise identifies Studhorse Canyon Road. Plaintiff's Zenda Patent 873231, dated July 3, 1922, provides in part: "TO HAVE AND TO HOLD said mining premises, together with all the rights, privileges, immunities, and appurtenances of whatsoever nature thereunto belonging, unto the said grantee above named and to its successors and assigns forever…."

21. In 1922, the Zenda Patent mineral survey plat was published by the General Land Office and identified Studhorse Canyon Road. In the intervening years, Studhorse Canyon Road

has been used for access to mining claims, as well access to properties which had been issued cattle grazing permits and has been maintained by private parties.

22. At the time Studhorse Canyon Road was created, the United States government held title to Defendants' properties.

23. Prior to its repeal in 1976, the federal government authorized rights-of-way for the construction of highways over public lands not reserved for public uses. The law repealing RS 2477 expressly preserved any valid, existing right-of-way. (See *Adams v. Unites States* (9th Cir. 1993) 3 F.3d 1254, 1258; see also 42 U.S.C. § 1769, subd. (a).) RS 2477 provided in full: [t]he right of way for the construction of highways over public lands, not reserved for public uses, is granted." California has recognized acceptance of an RS 2477 offer in one of two ways. First, by establishment as a highway by a "public authority." Second, "by the laying out of a road and its use by the public sufficient in law to constitute an acceptance by the public of an offer of dedication." (*Ball v. Stephens* (1944) 68 Cal.App.2d 843, 846.) The century of creation and use of Studhorse Canyon Road by the public is sufficient to satisfy an acceptance of the offer of dedication.

### FIRST COUNT FOR DECLARATORY RELIEF
(As to all Defendants)

24. Plaintiffs incorporate the allegations of the foregoing paragraphs 1-23 as though fully set forth herein.

25. Plaintiffs seek a declaration from this Court that Studhorse Canyon Road is a Public Road, having been developed, routed, constructed, and maintained by the public for over 100 years, and well before the repeal of RS 2477 in 1976. Plaintiffs also seeks a declaration from this Court that Defendants may not block, impede, or in any way restrict Plaintiffs' use of Studhorse Canyon Road for access to their mining claims.

**SECOND COUNT FOR PUBLIC NUISANCE**
(As To all Defendants)

26. Plaintiffs incorporate the allegations of the foregoing paragraphs 1-25 as though fully set forth herein.

27. Defendants, by unreasonably blocking Plaintiffs' access to Studhorse Canyon Road, created a condition and/or permitted a condition to exist that was and is a substantial obstruction to the free use of property and a substantial interference with the comfortable enjoyment of property.

28. Defendants, by unreasonably blocking Plaintiffs' access to Studhorse Canyon Road, created a condition and/or permitted a condition to exist that unlawfully obstructs the free passage or use, in the customary manner, of a public highway, to wit, Studhorse Canyon Road.

29. By unreasonably blocking Plaintiffs' access to Studhorse Canyon Road, Defendants have caused Plaintiffs to suffer substantial damage. Plaintiffs have been prevented from conducting on-site environmental evaluations of its mining claims which are a prerequisite for mining activity.

30. Objectively reasonable persons would consider the blockage of access to Studhorse Canyon Road to be unreasonable.

31. The gravity of the harm outweighs the social utility, if any, of the conduct of Defendants.

32. Plaintiffs did not consent to the conduct of Defendants in blocking access to Studhorse Canyon Road.

33. The conduct of Defendants in blocking access to Studhorse Canyon Road was a substantial factor in causing harm to Plaintiffs.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

1. For a declaration that Studhorse Canyon Road is a public road under RS 2477, and as such Defendants may not block, impede, or in any way restrict Plaintiffs' access to their mining claims through Studhorse Canyon Road.

2. For a temporary, preliminary, and permanent injunction precluding Defendants from blocking, impeding, or in any way restricting Plaintiffs' access to their mining claims through Studhorse Canyon Road.

3. For damages against Defendants in an amount according to proof at trial, but in excess of $250,000.

4. For such other and further relief as this Court deems just and proper.

Dated:  August 23, 2022					Respectfully submitted,

							KASSOUNI LAW


						By:	/s/ *Timothy V. Kassouni*
							TIMOTHY V. KASSOUNI
							Attorney for Plaintiffs


# DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

Dated:  August 23, 2022					Respectfully submitted,

							KASSOUNI LAW


						By:	/s/ *Timothy V. Kassouni*
							TIMOTHY V. KASSOUNI
							Attorney for Plaintiffs

KASSOUNI LAW
455 Capitol Mall, Ste 604
Sacramento, CA 95814
Tel: (916) 930-0030 ◆ Fax: (916) 930-0033