UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUCOPIOUS, LLC, JAMES E. DAVIS, and ROY A. WALKER,<br><br>　　　　　Plaintiffs/Counter-Defendants,<br><br>　　v.<br><br>SPG14, LLC, DEAN B. LARIMER, BARBARA E. ROBINSON, individually and as TRUSTEE TO THE BARBARA E. ROBINSON TRUST, and DOES 1-20, inclusive,<br><br>　　　　　Defendants/Counter-Plaintiffs. | Case No. 1:22-cv-01073-JLT-CDB<br><br>**ORDER DENYING PARTIES' REQUEST TO VACATE CASE MANAGEMENT DATES**<br><br>(Doc. 36) |

Pending before the Court is the parties' stipulated request, filed September 20, 2023, for court order: (1) vacating the scheduling order, including the operative January 22, 2024 trial date; (2) granting Plaintiffs leave to file a Third Amended Complaint to add the County of Kern and the Federal Bureau of Land Management ("BLM") as parties to this action; and (3) setting a new scheduling conference with sufficient time to serve the newly added parties. (Doc. 36).

The scheduling order the parties seek to vacate provides in relevant part:

> The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. <u>Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations</u>, and where appropriate attached

>exhibits, which establish good cause for granting the relief requested.
>(Doc. 25 p. 7) (emphasis added).

The parties' stipulation and proposed order is unaccompanied by any signed affidavit or declaration, as required by the scheduling order.  Instead, the parties proffer unsworn representations through counsel that their request to vacate the scheduling order, including trial date, is warranted because the parties recently have agreed that "two necessary and/or indispensable parties [] should be named in this action…"  (Doc. 36 p. 2). According to counsel and the parties they represent, granting their requested relief is necessary "to avoid potential duplicity of actions and to ensure that judgment in this action will reflect the defenses, if any," of the parties sought to be added. *Id.*

Nonexpert discovery has been ongoing since December 15, 2022, and is scheduled to close tomorrow (September 22, 2023).  (Doc. 24). On July 26, 2023, the parties filed a discovery report pursuant to Court order requiring them to identify any impediments to timely completing discovery; the parties identified no such impediments.  (Docs. 24, 29).

The parties' meager stipulation is wholly inadequate to demonstrate that good cause exists to essentially start over with the case.  Among other things, the parties fail to explain when they learned and why it took them more than eight months of discovery efforts to determine that purportedly essential parties have not been joined.

The parties' request to vacate all case management dates is DENIED for lack of good cause.

/ / /

/ / /

/ / /

Any renewed application to modify the governing case management dates must be supported by sworn affidavit or declaration, must outline the discovery counsel have completed and that which needs to be completed, must explain how and when the parties mutually agreed essential parties should be joined, and must demonstrate that the parties have proceeded with due diligence and that good cause exists to grant the extraordinary relief of vacating a scheduling order the day before nonexpert discovery closes.

IT IS SO ORDERED.

Dated:   **September 21, 2023**

UNITED STATES MAGISTRATE JUDGE