1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| AUCOPIOUS, LLC; JAMES E. DAVIS, an individual; ROY A. WALKER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SPG14, LLC; DEAN B. LARIMER; BARBARA E. ROBINSON, individually and as TRUSTEE OF THE BARBARA E. ROBINSON TRUST; COUNTY OF KERN, CALIFORNIA; UNITED STATES BUREAU OF LAND MANAGEMENT, DEPARTMENT OF THE INTERIOR; and DOES 1-20, inclusive, <br><br> Defendants. | Case No.: 1:22-cv-01073 JLT CDB <br><br> ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION <br><br> (Doc. 57) |

AuCopious, LLC, and two of its managing members, James E. Davis, and Roy A. Walker, allege necessary access to various mining claims owned by AuCopious has been blocked or otherwise denied by SPG14, LLC, Dean B. Larimer, and Barbara E. Robinson (as trustee of the Barbara E. Robinson Trust), who own and/or control real property, located in Kern County, California, over which AuCopious must cross to access the mining claims. (*See generally* Doc. 40.) Plaintiffs seek declaratory relief, including a declaration that the relevant roads to which Plaintiffs have been denied access are public roads. (*Id*. at 9-10, Prayer for Relief ¶ 1.) Should the Court find the roads are public roads, Plaintiffs also seek a declaration "concerning the maintenance obligations, if any" of the United

1  States of America, the United States Bureau of Land Management, and the County of Kern. (Prayer
2  ¶ 2.) Lastly, Plaintiffs seek an injunction enjoining SPG, Larimer, and Robinson from "blocking,
3  impeding, or in any way restricting" Plaintiffs' access to their mining claims and public access in
4  general. (Prayer ¶ 3.)

5  The United States, BLM, and the United States Department of the Interior (collectively
6  "Federal Defendants")[1] now move to dismiss Plaintiffs' cause of action for declaratory relief as to
7  Federal Defendants, and to dismiss Federal Defendants from this action. (Doc. 57.) They assert
8  Plaintiffs do not have standing to name them as defendants, because Plaintiffs do not allege Federal
9  Defendants blocked access to their mining claims, or in other words, caused Plaintiffs' injury. (*Id*. at
10  6.) Federal Defendants also argue Plaintiffs lack standing because they "have alleged no invasion of a
11  legally protected interest" related to maintenance of the roads at issue to establish an injury in fact. (*Id*.
12  at 6-7.) Federal Defendants contend the Court lacks jurisdiction over the declaratory relief claim
13  because Plaintiffs' "only proffered causes of action … are the Declaratory Judgment Act and R.S.
14  2477," [2] neither of which "serve as a proper cause of action" for the declaratory relief claim. (*Id.* at 7-
15  8.) Rather, Federal Defendants contend that "a claim that seeks a title determination against the United
16  States can only be brought under the [Quiet Title Act]." (*Id*. at 8.) Finally, Federal Defendants argue
17  Plaintiffs fail to provide a waiver of the United States' sovereign immunity from suit. (*Id*.)

18  Plaintiffs have filed a non-opposition to the motion, but also seek 10 days' leave to amend the
19  TAC after the Court's decision on Kern County's motion to dismiss, which remains under submission.

---

[1] The motion states that Plaintiffs' third amended complaint names the United States, the United States Bureau of Land Management, and the United States Department of the Interior as defendants to this action. (Doc. 57 at 2 n.1.) As such, the motion was filed on behalf of all three entities. Because Plaintiffs did not take issue with this in their responsive brief, it is unclear whether Plaintiffs intended to only name BLM, as a "sub-component" of the DOI, as a defendant, (*see* Doc. 40 ¶¶ 7, 28; Prayer ¶ 2), or both entities individually. In any event, each entity is listed as a defendant on the docket, and each was separately addressed in the summons. (*See* Doc. 43.) For these reasons, as well as the outcome of the Court's ruling on the pending motion, the Court finds any potential error inconsequential. Thus, this order will refer to these entities collectively as "Federal Defendants" and will treat the Department of the Interior as a separately named defendant.

[2] "Prior to its repeal in 1976," Federal Revised Statute (R.S.) 2477 "authorized rights-of-way for the construction of highways over public lands not reserved for public uses." *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1076 (9th Cir. 2010) (citing 43 U.S.C. § 932) (repealed 1976)). "The law repealing R.S. 2477 expressly preserved any valid, existing right-of-way." *Id*. (citing *Adams v. United States*, 3 F.3d 1254, 1258 (9th Cir. 1993)).

2

(Doc. 63.) Plaintiffs contend this will enable them to evaluate both the Court's ruling on the County's motion as well as a claim under the Quiet Title Act (28 U.S.C. § 2409a), "which the United States addresses" in its motion. (*Id.* at 2.) The Court can find no basis in equity to grant the request, and their request is procedurally improper. Rule 137 of the Eastern District's Local Rules provides, in pertinent part:

> If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules. If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules and the Federal Rules of Civil … Procedure.

L.R. 137(c).

A review of the filings in this matter reflects Plaintiffs' understanding of the requirements for amending a complaint. Indeed, attached to the parties' stipulation to file a first amended complaint, filed by Plaintiffs' counsel, was Plaintiffs' proposed amended complaint. (*See* Docs. 14, 14-1.) The stipulation was then considered and leave to amend was granted by Magistrate Judge Christopher D. Baker. (Doc. 16.) The parties later filed a stipulation to, *inter alia,* "treat as stricken" certain portions of the FAC. (Doc. 28.) Judge Baker construed this as a "stipulated request for leave to amend the complaint" and although the parties' stipulation identified the specific portions to be stricken, Judge Baker ordered Plaintiffs to file a second amended complaint consistent with the stipulation. (*See* Doc. 30.)

Although "leave to amend shall be freely given when justice so requires," courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 951 (9th Cir. 2006). Without a proposed amended complaint to consider, the Court is unable to determine whether amendment would be futile. Because the Court cannot say with absolute certainty when the County's motion to dismiss will be decided, "ten days … after the Court's ruling on the County's motion" is an unascertainable date. Consequently, whether granting leave to amend a *fourth* complaint would unduly delay litigation in this case—which had an initial trial date of January 17, 2024—remains to be seen. Finally, the Court cannot accurately weigh any prejudice to the

opposing party when it is unclear who will remain a named defendant. Therefore, the Court denies Plaintiffs' request. Should Plaintiffs wish, at any point hereafter, to amend the TAC, they may file a motion requesting such relief in accordance with Local Rule 137 and Rule 15 of the Federal Rules of Civil Procedure. Based upon the foregoing, the Court **ORDERS**:

1. The Federal Defendants' motion to dismiss (Doc. 57) is **GRANTED** as unopposed.
2. Plaintiffs' first cause of action for declaratory relief is **DISMISSED** as to the Federal Defendants: the United States of America, the United States Bureau of Land Management, and the United States Department of the Interior *only*.
3. The Clerk of Court is **DIRECTED** to terminate the Federal Defendants from this action.
4. Plaintiffs' request for leave to amend the third amended complaint (Doc. 63) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **September 29, 2024**

UNITED STATES DISTRICT JUDGE

4