# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUCOPIOUS, LLC; JAMES E. DAVIS, an individual; ROY A. WALKER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SPG14, LLC, et al., <br><br> Defendants. | Case No.: 1:22-cv-01073 JLT CDB <br><br> ORDER TO PLAINTIFFS TO SHOW CAUSE WHY THIRD AMENDED COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION <br><br> FOURTEEN DAY DEADLINE <br><br> (Doc. 40) |

AuCopious, LLC, and two of its managing members, James E. Davis, and Roy A. Walker, assert claims for declaratory relief and public nuisance against the County of Kern and/or various private landowners. (*See generally* Third Amended Complaint, Doc. 40.) Plaintiffs claim the Court has subject matter jurisdiction over the declaratory relief claim pursuant to 28 U.S.C. §§ 1332[1], 2201, and 2202[2]; and supplemental jurisdiction over the public nuisance claim under 28 U.S.C. § 1367. (TAC

---

[1] 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of different states. Complete diversity is required by 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Because the TAC expressly alleges that Plaintiff Davis is a resident and citizen of California, (TAC ¶ 1), as are some of the named Defendants, (*see id*. ¶¶ 2-3), it appears Plaintiffs may have inadvertently asserted jurisdiction under this statute. The civil cover sheet filed with Plaintiffs' initial complaint indicates that the case was brought under federal question jurisdiction. (Doc. 1-1.) Because there is a lack of diversity jurisdiction, the Court will proceed under the assumption Plaintiffs intend to invoke jurisdiction under 28 U.S.C. § 1331.

[2] Plaintiffs seek injunctive relief with respect to their public nuisance claim. (*See* Doc. 40 at 10, Prayer ¶ 3.)

1

¶¶ 8-10.) Plaintiffs also assert they have standing "under the prudential standing doctrine." (*Id.* ¶ 11.)

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the proceeding, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *see also Iten v. Los Angeles*, 81 F.4th 979, 984 (9th Cir. 2023) ("federal courts have a duty to raise, sua sponte, questions of standing before addressing the merits" of a claim). The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (standing).

On September 30, 2024, the Court granted Federal Defendants'—the United States of America, U.S. Bureau of Land Management, and U.S. Department of the Interior—motion to dismiss for lack of jurisdiction. (Doc. 68.) Specifically, Federal Defendants argued that Plaintiffs did not have standing to name them as defendants because Plaintiffs failed to allege Federal Defendants caused their injuries. (Doc. 57 at 6.) Federal Defendants also argued Plaintiffs lacked standing because they "alleged no invasion of a legally protected interest" related to maintenance of the roads at issue to establish an injury in fact. (*Id.* at 6-7.) They asserted also that the Court lacked jurisdiction over the declaratory relief claim because Plaintiffs' "only proffered causes of action … are the Declaratory Judgment Act and R.S. 2477,"[3] neither of which "serve as a proper cause of action" for the declaratory relief claim. (*Id.* at 7-8.) Plaintiffs filed a statement of non-opposition to Federal Defendants' motion to dismiss. (Doc. 63.)

Plaintiffs assert the same claims, seek the same relief, and allege nearly identical facts with respect to the County of Kern, which remains a defendant in this action. (*See* TAC ¶¶ 25-28; Prayer

---

[3] "Prior to its repeal in 1976," Federal Revised Statute (R.S.) 2477 "authorized rights-of-way for the construction of highways over public lands not reserved for public uses." *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1076 (9th Cir. 2010) (citing 43 U.S.C. § 932) (repealed 1976)). "The law repealing R.S. 2477 expressly preserved any valid, existing right-of-way." *Id.* (citing *Adams v. United States*, 3 F.3d 1254, 1258 (9th Cir. 1993)).

¶ 2.) Though Plaintiffs cite various federal statutes and case law in the TAC, they have not clearly identified a valid basis for the Court's jurisdiction. (*See* TAC ¶¶ 8-11.)[4] Accordingly,

1. Within **14 days** of the date of service of this order, Plaintiffs **SHALL** show cause, in writing, why this action should not be dismissed for lack of subject matter jurisdiction **as to the causes of action against each Defendant separately**. Alternatively, Plaintiffs may voluntarily dismiss the action.

2. Thereafter, Defendants shall have **7 days** to file a response to any brief filed by Plaintiffs.

3. The matter will be decided on the papers without oral argument.

4. **Plaintiffs are warned that failure to comply with this order may result in dismissal of the action without prejudice for failure to prosecute and failure to obey a court order**.

IT IS SO ORDERED.

Dated:   **October 24, 2024**                                    _____
                                                                                UNITED STATES DISTRICT JUDGE

---

[4] 42 U.S.C. § 1769(a), cited by Plaintiffs, is a statutory provision of the National School Lunch Act. 42 U.S.C. § 1751, *et seq*. As such, it does not appear to apply to this case. Rather, Plaintiffs likely intended to cite 43 U.S.C. § 1769(a), a statutory provision of the Federal Land Policy and Management Act (FLPMA), which repealed R.S. 477.

Insofar as Plaintiffs cite to *Adams v. United States*, 3 F.3d 1254 (9th Cir. 1993), to support a finding of jurisdiction under the Quiet Title Act, such an assertion does not suffice. "[T]wo conditions must exist before a district court can exercise jurisdiction over an action under the Quiet Title Act: (1) the United States must claim an interest in the property at issue, and (2) there must be a disputed title to real property." *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999) (citing 28 U.S.C. § 2409a(a), (d)). "[A] dispute between [plaintiff] and some third party claiming an interest for itself will not satisfy the [jurisdictional] requirement … there must be a conflict in title between the United States and the plaintiff." *Id.* at 1192. Plaintiffs make no reference to the QTA, and the United States has been dismissed from this action for want of jurisdiction, which Plaintiffs did not oppose. Moreover, the TAC does not assert a QTA claim, and Plaintiffs do not seek to quiet title to property.

3