UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUCOPIOUS, LLC; JAMES E. DAVIS, an individual; ROY A. WALKER, an individual,<br><br>                Plaintiffs,<br><br>    v.<br><br>SPG14, LLC, et al.,<br><br>                Defendants. | Case No.: 1:22-cv-01073 JLT CDB<br><br>ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 40) |

        Plaintiffs allege they have been denied access to their mining claims by SPG14, LLC, Dean B. Larimer, and Barbara E. Robinson (as trustee of the Barbara E. Robinson Trust). (*See generally* Third Amended Complaint, Doc. 40.) They seek declaratory and injunctive relief, including a declaration that the relevant roads to which they have been denied access are public roads under Federal Revised Statute 2477. (*Id*. at 9-10, Prayer for Relief ¶ 1.) On October 24, 2024, the Court ordered Plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction, to which Plaintiffs timely responded. (Docs. 70, 71.) Defendants filed a response 7 days thereafter. (Doc. 73.) Because Plaintiffs have failed to establish the Court's jurisdiction, this case is **DISMISSED**.

### I.    Background and Allegations

        This case involves a dispute between private landowners over real property located in Kern County, California. Plaintiffs own approximately 110 patented and unpatented mining claims in the area and Defendants own and/or control land over which Plaintiffs must cross to access those claims.

1

(TAC at 4 ¶¶ 2-4, 13-14.) Specifically, Studhorse Canyon Road, Zenda Road, and the Cowboy Roads—all of which traverse Defendants' land—allow for ingress and egress to Plaintiffs' mining claims. (*See id.* at 4-5 ¶¶ 14-17.) However, public access to the roads—and thus, Plaintiffs' access to their mining claims—has been impermissibly blocked by locked gates on Defendants' property. (*Id.* at 4-5 ¶¶ 14-17, 22.) Plaintiffs assert causes of action for declaratory relief and public nuisance. (*Id.* at 9-10, Prayer for Relief ¶¶ 1, 3.) With respect to the declaratory relief claim, Plaintiffs seek a declaration that the subject roads are public roads pursuant to R.S. 2477 and that Defendants "may not block, impede, or in any way restrict" Plaintiffs' access to their mining claims or the general public's access to the roads. (*Id.* at 9-10, Prayer for Relief ¶ 1.)[1]

Plaintiffs contend that the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331[2] and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and supplemental jurisdiction over their public nuisance claim under 28 U.S.C. § 1367. (TAC at 3 ¶¶ 8, 10.) Because jurisdiction appeared to be lacking on the face of the operative complaint, the Court ordered Plaintiffs to show cause why the action should not be dismissed. (Doc. 70.) In response, Plaintiffs reassert that the Court has subject matter jurisdiction pursuant to § 1331 because their declaratory relief claim "seeks an order establishing Plaintiffs' right of access over certain roads pursuant to a 'law' of the United States: Federal Revised Statute 2477 (R.S. 2477)." (Doc. 71 at 2.)[3] Defendants maintain that "the TAC does not clearly identify any valid basis for the Court's jurisdiction over this matter." (Doc. 73 at 2.)

## II. Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S.

---

[1] Plaintiffs also seek a declaration establishing the maintenance obligations, if any, of Defendants County of Kern, the United States, and the Bureau of Land Management—all of whom have been dismissed from this action. (TAC at 10, Prayer ¶ 2; *see also* Docs. 68, 76.)

[2] Although the TAC identifies 28 U.S.C. § 1332(a) as the basis for the Court's jurisdiction, Plaintiffs confirmed this was a typographical error and clarified their intent to invoke jurisdiction under 28 U.S.C. § 1331. (*See* Doc. 71 at 2 n.1.)

[3] Plaintiffs argue that "the two requisite allegations to establish the Court's jurisdiction over [Defendants] are an 'actual controversy' [as provided by the DJA,] and a matter within federal court subject matter jurisdiction." (Doc. 71 at 3.) Because the latter is dispositive, the Court limits its consideration to those arguments.

546, 552 (2005). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022) (same).

### A. Federal Question Jurisdiction

Federal courts have subject matter jurisdiction over cases "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 8-9 (1983); *see also Franchise Tax Bd.,* 463 U.S. at 27-28 ("Congress has given the lower federal courts jurisdiction to hear … only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Plaintiffs invoke the Court's jurisdiction under § 1331 based on their request for declaratory relief pursuant to R.S. 2477. (TAC ¶ 8; *see also* Doc. 71 at 2 ["[T]his Court has original jurisdiction pursuant to 28 U.S.C[.] section 1331, as the Declaratory Relief cause of action seeks an order establishing Plaintiffs' right of access over certain roads pursuant to a 'law' of the United States: Federal Revised Statute 2477 (R.S. 2477)."].) Plaintiffs also allege that the Court has jurisdiction over the claims and relief sought pursuant to the Declaratory Judgment Act. (*See* TAC ¶ 9.)

#### 1. Declaratory Judgment Act

In response to the Court's OSC, Plaintiffs argue they have sufficiently stated a claim for declaratory relief because, "[i]t is alleged that the Private Defendants are blocking Plaintiffs' access to their patented mining claims with a locked gate and have refused to allow Plaintiffs ingress and egress to these mining claim areas over their real property." (Doc. 71 at 2.) Although this assertion does not specifically speak to the Court's jurisdiction, it bears repeating that the Declaratory Judgment Act does not create an independent basis for federal question jurisdiction. *See Longview Tugboat Co. v. Jameson*, 218 F.2d 547, 548 (9th Cir. 1955) ("The [DJA] does not serve to furnish a groun[d] of

federal jurisdiction."); *see also City of Reno v. Netflix, Inc.*, 52 F.4th 874, 876 (9th Cir. 2022) ("[T]he Declaratory Judgment Act provides an affirmative remedy only when a cause of action otherwise exists").

### 2. Revised Statute 2477

Revised Statute (R.S.) 2477 once "authorized rights-of-way for the construction of highways over public lands not reserved for public uses." *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1076 (9th Cir. 2010) (citing 43 U.S.C. § 932) (repealed 1976)). Originally section 8 of the Mining Act of 1866, R.S. 2477 was passed by Congress as a means of providing public access across unreserved public domain lands during an era aimed at facilitating the settlement of the American West. *See Central P.R. Co. v. Alameda County,* 284 U.S. 463, 471-73 (1932). 110 years later, R.S. 2477 was repealed by the Federal Land Policy and Management Act of 1976. *S. Utah Wilderness All. v. United States Dep't of Interior*, 44 F.4th 1264, 1268 (10th Cir. 2022). However, "[t]he FLPMA preserved rights-of-way that existed before 1976." *Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836, 842 (9th Cir. 2013) (citing 43 U.S.C. § 1769(a)).

#### *a. Whether R.S. 2477 creates Plaintiffs' cause of action*

Plaintiffs insist that R.S. 2477 provides the Court with subject matter jurisdiction because "the TAC is premised upon Plaintiffs' right of ingress and egress under a Federal statute, R.S. 2477." (Doc. 71 at 4; *see also* TAC ¶ 8.) Their only argument in support of this contention is that "[t]he Ninth Circuit has acknowledged subject matter jurisdiction in the context of an adjudication of R.S. 2477." (*Id.*, citing *Lyon*, 626 F.3d at 1076.)

The fact that federal courts have found jurisdiction to hear R.S. 2477 claims is only part of the picture. Plaintiffs' argument overlooks that in most—if not all[4]—cases in which a plaintiff sought to adjudicate his rights and obligations under R.S. 2477, jurisdiction was not premised on R.S. 2477 itself. For example, in *Lyon*, jurisdiction existed pursuant to 28 U.S.C. § 1334, which provides district

---

[4] One potential exception is the Ninth Circuit's decision in *Mills v. United States*, 742 F.3d 400 (9th Cir. 2014). However, as discussed in more depth *infra*, in addition to the significant factual differences between *Mills* and this case, the Court in *Mills* did not specifically address whether the district court had § 1331 jurisdiction over the plaintiff's declaratory relief claim against private landowners once the QTA claims were dismissed. Accordingly, that the plaintiff's claims were permitted to proceed in *Mills* does not demand the same conclusion in this case.

courts with original jurisdiction over federal bankruptcy proceedings. *Lyon*, 626 F.3d at 1065. In *Calhoon v. Sell*, 71 F. Supp. 2d 990 (D.S.D. 1998), the court had jurisdiction under, *inter alia*, 28 U.S.C. § 1353, as the claims "involve[d] the rights of persons of Indian blood or descent to allotments of land under 'any Act of Congress or treaty.'" *Id.* at 996 (quoting 28 U.S.C. § 1353). The plaintiff in *Hazel Green Ranch, LLC v. U.S. Department of Interior*, 2008 WL 2876194 (E.D. Cal. July 24, 2008), invoked the Administrative Procedure Act. *Id.*, at *18.

Most commonly, however, R.S. 2477 claims are brought as quiet title actions against the United States pursuant to the Quiet Title Act, 28 U.S.C. § 2409, over which district courts generally have jurisdiction, provided that: (1) the United States claims an interest in the property at issue, and (2) title to that property is disputed.[5] *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999); *see also Adams v. United States*, 687 F. Supp. 1479, 1481 (D. Nev. 1988), *aff'd in part, vacated in part,* 3 F.3d 1254 (9th Cir. 1993) (jurisdiction existed under QTA and 28 U.S.C. § 1346(f)); *cf. Friends of Panamint Valley v. Kempthorne*, 499 F. Supp. 2d 1165, 1177 (E.D. Cal. 2007) (court lacked jurisdiction because plaintiffs had not shown they had "a right, interest, or title to assert a claim against Federal Defendants under the Quiet Title Act"); *Fairhurst Fam. Ass'n, LLC v. U.S. Forest Serv., Dep't of Agric.*, 172 F. Supp. 2d 1328, 1331 (D. Colo. 2001) (right of public to use road was not right or interest for purposes of the QTA); *Alleman v. United States,* 372 F. Supp. 2d 1212, 1225 (D. Or. 2005) (same); *Mills*, 742 F.3d at 405 (United States did not dispute title); *Owyhee Cnty., Idaho v.*

---

[5] "The QTA supplies a limited waiver of sovereign immunity for the settlement of property claims against the United States. *Kane Cnty., Utah v. United States*, 772 F.3d 1205, 1209 (10th Cir. 2014), *abrogated on other grounds by Wilkins v. United States*, 598 U.S. 152 (2023). This is "the exclusive means by which adverse claimants can challenge the United States' title to real property." *Mills*, 742 F.3d at 405 (internal quotation marks and alterations omitted). To demonstrate that sovereign immunity is waived, a complaint must "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). The plaintiff's claimed interest "must be some interest in the *title* to the property," and members of the public seeking access to claimed R.S. 2477 roads do not have such "title." *Friends of Panamint Valley v. Kempthorne*, 499 F. Supp. 2d 1165, 1175, 1177 (E.D. Cal. 2007) (emphasis in original); *Kinscherff v. United States,* 586 F.2d 159, 160 (10th Cir. 1978); *see also Fairhurst Fam. Ass'n, LLC v. U.S. Forest Serv., Dep't of Agric.*, 172 F. Supp. 2d 1328, 1331 (D. Colo. 2001) ("The Eighth Circuit has concurred that the right of an individual to use a public road is not a right or interest in property for purposes of the Quiet Title Act.") (internal quotation marks omitted). Finally, the title at issue must be "disputed," meaning "the United States must have adopted a position in conflict with a third party regarding that title." *Mills*, 742 F.3d at 405 (citing *Alaska v. United States,* 201 F.3d 1154, 1164-65 (9th Cir. 2000)).

*United States*, 2022 WL 60627, at \*\*7-8 (D. Idaho Jan. 5, 2022) (same).

Plaintiffs acknowledge that they did not and cannot assert a Quiet Title Act claim in this case. (*see* Doc. 62 at 2; Doc. 71 at 11-12). Also, they point to no case in which R.S. 2477 *alone* gave rise to a federal cause of action. With that said, the Court finds that a discussion of *Mills v. United States*, a federal case originating in the District Court of Alaska, is warranted. In that case, Carey Mills alleged that the only feasible access to his state mining claims was via the Fortymile Trail, an R.S. 2477 right-of-way that crossed real property owned by the United States and non-federal defendants Doyon and Hungwitchin.[6] *See Mills,* 742 F.3d at 402-03. Unlike here, the State of Alaska confirmed its ownership of the R.S. 2477 right-of-way to the Trail and the United States did not dispute its existence. *Id.* at 403-05. After unsuccessfully applying to the BLM for an easement and a right-of-way, Mills brought a federal action seeking declaratory relief and to quiet title in the Trail. *Id*. The operative complaint raised multiple claims against the United States, invoking jurisdiction pursuant to the QTA, the DJA, and 28 U.S.C. § 1346. (*See Mills,* Case No. 4:10-CV-00033-RRB, Doc. 149, TAC ¶¶ 53, 86, 114.) The district court found that it had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1367. *See Mills v. United States,* 2012 WL 12878318, at \*4. The court clarified though: ***"To the extent that Plaintiff's claims are based on R.S. 2477 [it] does not, however, confer federal subject matter jurisdiction." Id*.*, at \*4 & n.20 (citing *Standage Ventures, Inc. v. State of Ariz.*, 499 F.2d 248, 250 (9th Cir. 1974)) (emphasis added).

The district court dismissed all claims against the United States, most relevant of which was Mills' QTA claim. The court concluded that Mills lacked prudential standing, and thus, that it lacked jurisdiction under the QTA, as there was no indication that the United States "actually dispute[d]" Alaska's title in the Trail. *Mills*, 2012 WL 12878318, at \*\*9-10. (*See also Mills* Doc. 126 at 24-26.) On appeal, the Ninth Circuit affirmed the district court's decision, explaining that the United States had not waived sovereign immunity under the QTA because it did not dispute the existence of an R.S. 2477 right-of-way. *Mills*, 742 F.3d at 405-06.

---

[6] Part of the federal land crossed by the Trail was subject to 15 unpatented federal mining claims belonging to another non-federal defendant, Scott Wood, who is not relevant to the Court's discussion. *See Mills v. United States,* 2012 WL 12878318, at \*2.

As to Doyon and Hungwitchin, the relevant "federal" claim sought declaratory relief recognizing, validating, and enforcing Alaska's ownership rights to the R.S. 2477 right-of-way and Mills' right of public access to it. (*Mills* TAC ¶¶ 4, 115-126.) The district court dismissed this claim for lack of prudential standing after concluding Mills was attempting to assert the rights of the State of Alaska, who declined to assert its own rights at the time. *See Mills,* 2012 WL 12878318, at **7-8, 11.

After affirming the dismissal of Mills' QTA claim against the United States, the Ninth Circuit reversed and remanded the district court's decision that Mills lacked prudential standing to bring his declaratory relief claim against Doyon and Hungwitchin. *Mills*, 742 F.3d at 406-08. In doing so, it had no occasion to discuss whether R.S. 2477 provided an independent basis for subject matter jurisdiction, particularly in the absence of a QTA claim. It also took no position as to the district court's finding of jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1367.[7] Instead, the Ninth Circuit reasoned that the prudential standing doctrine[8] "does not bar a legal action by landowners asserting an interest in accessing their own property over an alleged R.S. 2477 route" and because Mills claimed he "ha[d] an easement by necessity and/or by implication over the R.S. 2477 rights-of-way," he was asserting his own interest in the Trail, not only Alaska's. *Id*. at 407-08 (internal quotation marks omitted). In reaching this conclusion, the Court relied on its prior decisions in *Adams* and *Lyon. See id*. Notably, however, the Court did not acknowledge that in both, subject matter jurisdiction was premised on federal law separate and apart from R.S. 2477. *See Lyon*, 626 F.3d at 1065 (jurisdiction over bankruptcy proceedings under 28 U.S.C. § 1334); *Adams*, 687 F. Supp. at 1481 (jurisdiction over quiet title claim under QTA and 28 U.S.C. § 1346(f)). For these reasons, the Ninth Circuit's decision

---

[7] The Court noted that to the extent Mills appealed the dismissal of his claims under the remaining bases for subject matter jurisdiction asserted in the TAC—the Little Tucker Act, 28 U.S.C. § 1346(a)(2), or the DJA—"they were not 'specifically and distinctly' argued in the opening brief and therefore are waived." *Mills*, 742 F.3d at 409 n.9 (quoting *United States v. Kama,* 394 F.3d 1236, 1238 (9th Cir. 2005)).

[8] Prudential standing embodies "judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove Unified School Dist. v. Newdow,* 542 U.S. 1, 11 (2004). Under this doctrine, "a party may not 'rest its claims' on the rights of third parties where it cannot 'assert a valid right to relief of its own.'" *Hill v. Warsewa*, 947 F.3d 1305, 1309-10 (10th Cir. 2020) (quoting *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1170 (10th Cir. 2011)). There is a split of authority as to whether prudential standing is jurisdictional, and thus, must be considered *sua sponte*. *See Grocery Mfrs. Ass'n v. E.P.A.*, 693 F.3d 169, 181-82 (D.C. Cir. 2012) (Cavanaugh, B., dissenting). Because the Court concludes it lacks subject matter jurisdiction, it does not address prudential standing.

1 in *Mills* does not offer meaningful guidance on the question facing the Court: whether R.S. 2477 alone
2 confers federal question jurisdiction under § 1331.
3       Finally, as the Court noted in its OSC, mere reference to federal law is insufficient to establish
4 subject matter jurisdiction. (*See* Doc. 70 at 3 ["Though Plaintiffs cite various federal statutes and case
5 law in the TAC, they have not clearly identified a valid basis for the Court's jurisdiction."].) The new
6 authority Plaintiffs cite in their response is *Lyon*, which, for the reasons previously discussed, is
7 inapplicable to the jurisdictional issue presented. Plaintiffs otherwise claim they "are *not aware of* any
8 authority which denied a federal forum for the adjudication of an R.S. 2477 claim in the context of
9 declaratory relief, provided the case or controversy element has also been established." (Doc. 71 at 5,
10 emphasis added.) However, the burden rests with Plaintiff to establish the existence of jurisdiction. It
11 is not enough to claim ignorance of any contrary authority. *Kokkonen*, 511 U.S. at 377. Therefore,
12 Plaintiffs have failed to demonstrate that R.S. 2477 creates their claim for declaratory relief.
13 Accordingly, they must rely on the substantial-federal-question doctrine.

14                             ***b.***       ***Whether Plaintiffs' claim presents a substantial federal question***

15       "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded
16 complaint rule.'" *Republican Party of Guam,* 277 F.3d at 1089 (alterations omitted). Thus, "[i]t must
17 appear from the face of the complaint, 'affirmatively and distinctly' and not merely 'argumentatively,'
18 that the suit 'really and substantially involves a dispute or controversy respecting the validity,
19 construction, or effect of (a law of the United States), upon the determination of which the result
20 depends.'" *Standage*, 499 F.2d at 249 (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)).
21 "This type of federal-question jurisdiction, however, applies to a special and small category of cases,
22 and the mere presence of a federal issue in a state cause of action does not automatically confer
23 federal-question jurisdiction." *Merced Irr. Dist. v. Cnty. of Mariposa*, 941 F. Supp. 2d 1237, 1259
24 (E.D. Cal. 2013) (internal citations and quotation marks omitted).
25       In *Standage,* the "question litigated in the court below was whether prior to the issuance of
26 patents to [plaintiffs] under the Small Tract Act, 43 U.S.C. § 682a, Arizona had obtained a 400-foot
27 right-of-way across the lands" under 43 U.S.C. § 932 (R.S. 2477). *Standage*, 499 F.2d at 250. Arizona
28 argued that the extent of the right-of-way granted to the State under § 932 and the extent of the grant

made to the plaintiffs under the Small Tract Act were "the essence of" the suit. *Id*. The Ninth Circuit disagreed, explaining:

> The issue was whether Arizona had established a public highway 400 feet in the width across these lands in accordance with the laws of Arizona. The resolution of this issue required an interpretation of Arizona law as to what was required to establish a public highway, and a factual inquiry as to whether Arizona officials had complied with these requirements.
>
> …
>
> As to section 932, as we have said, the real substance of the controversy as to the extent of Arizona's right-of-way under this section turns entirely upon disputed questions of law and fact relating to compliance with state law, and not at all upon the meaning or effect of the federal statute itself.

*Id.*

According to Plaintiffs, they seek "the TAC is premised upon Plaintiffs' right of ingress and egress under a Federal statute, R.S. 2477." (Doc. 71 at 4.) Nonetheless, the TAC does not actually present a federal question; Plaintiffs do not allege that interpretation of R.S. 2477 is necessary to afford the relief they seek. In other words, there is no apparent dispute—let alone a substantial one—as to the validity, construction, or effect of R.S. 2477. "Federal Revised Statute 2477 did not itself *create* R.S. 2477 roads; rather, it *authorized* the states to construct highways over public lands." *Lyon*, 626 F.3d at 1077. "State law, in turn, controls whether and how a state may accept the right-of-way." *United States v. Carpenter Soc'y*, 2016 WL 4392810, at *13 (D. Nev. Aug. 16, 2016) (quoting *Lyon,* 626 F.3d at 1077). Therefore, the only issue in this case is whether a public highway was established under California law. *See McKown v. United States*, 908 F. Supp. 2d 1122, 1145 (E.D. Cal. 2012), *aff'd*, 613 F. App'x 656 (9th Cir. 2015) (holding that to be public roads under R.S. 2477, "California would have had to establish them as highways over public land in accordance with California state law"); *see also Ball v. Stephens,* 68 Cal. App. 2d 843, 845 (1945) (existence of California R.S. 2477 road determined by California state law).

In sum, because the meaning or effect of R.S. 2477, or any other federal law, is not actually disputed and substantial to the determination of this action, and because R.S. 2477 does not give rise to an independent cause of action, it is not apparent from the face of the complaint that Plaintiffs' claim "arises under" federal law. 28 U.S.C. § 1331; *Republican Party of Guam*, 277 F.3d at 1088. At

its core, this is a dispute between California landowners over California real property. Accordingly, the Court lacks federal subject matter jurisdiction to hear it. Plaintiffs' claim for declaratory relief must be **DISMISSED**.

### B. Supplemental Jurisdiction

Plaintiffs assume that because there is subject matter jurisdiction over their declaratory relief claim, "supplemental jurisdiction is established" over their state law claim for public nuisance. (*See* Doc. 71 at 6.) However, only "in any civil action *of which the district courts have original jurisdiction*" do courts have supplemental jurisdiction over all other related claims. 28 U.S.C. § 1367(a) (emphasis added). Because original jurisdiction is lacking, so too is supplemental jurisdiction. Accordingly, this claim must also be **DISMISSED**.

### III. Conclusion and Order

Based upon the foregoing, this action is **DISMISSED** in its entirety for lack of subject matter jurisdiction. The Clerk of Court is directed to **CLOSE** the case.

IT IS SO ORDERED.

Dated: __**May 9, 2025**__                                   *Jennifer L. Thurston*
                                                              UNITED STATES DISTRICT JUDGE